1  JOHN F. BAUM (SBN 148366)
   NATASHA J. BAKER (SBN 226981)
2  CURIALE DELLAVERSON HIRSCHFELD
      & KRAEMER, LLP
3  727 Sansome Street
   San Francisco, CA  94111
4  Telephone:  (415) 835-9000
   Facsimile:  (415) 834-0443
5
   Attorneys for Defendant
6  ST. FRANCIS HOTEL CORP., incorrectly named
   as WESTIN ST. FRANCIS HOTEL
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | ABRAHAM HABTE,                  | Case No.  C 07 4516  WDB
12 |         Plaintiff,              | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
13 | vs.                             |
14 | WESTIN ST. FRANCIS HOTEL,       |
15 |         Defendants.             |

16

17       Defendant St. Francis Hotel Corporation ("Defendant") incorrectly named as the Westin

18  St. Francis Hotel, hereby answers to Plaintiff's Complaint as follows.

19       1.      Defendant is without sufficient knowledge to admit or deny the allegations of

20  paragraph 1, and therefore denies them.

21       2.      Defendant admits that the Westin St. Francis Hotel is located at 335 Powell Street,

22  San Francisco, CA 94102, as alleged in paragraph 2 of Plaintiff's Complaint.

23       3.      Defendant admits that Plaintiff alleges that this action is brought pursuant to Title

24  VII of the Civil Rights Act of 1964 for employment discrimination.  Defendant is without

25  sufficient knowledge to admit or deny the remaining allegations of paragraph 3, and therefore

26  denies them.

27       4.      Defendant denies that it failed to inform Plaintiff of the status of any bargaining

28  negotiations that affected him.  Defendant denies that Plaintiff had applied for numerous transfers

ANSWER TO COMPLAINT
CASE NO.: C 07 4516                                                        3348907

1. for which he was qualified. Defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 4, and therefore denies them.

2. 5. Defendant denies the allegations of paragraph 5.

3. 6. Defendant denies that Plaintiff was discriminated against with respect to the receipt of a severance package. Defendant denies that Plaintiff was discriminated against on the basis of age. Defendant denies that employees who were over 60 years of age or had complained of a disability were the only individuals granted severance pay. Defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 6, and therefore denies them.

4. 7. Defendant denies the allegations of paragraph 7.

5. 8. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 8, and therefore denies them.

6. 9. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 9, and therefore denies them.

7. 10. Paragraph ten is an item of pleading and does not require a response.

8. 11. Defendant denies that Plaintiff is entitled to any relief, including injunctive orders, damages, costs and/or attorneys' fees.

## AFFIRMATIVE DEFENSES

In addition to the above denials, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State Cause of Action)**

As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that the claims, in whole or in part, are barred by the applicable statute of limitations.

2
HABTE V. WESTIN ST. FRANCIS ANSWER TO COMPLAINT
CASE NO.: C07-00499

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedy)

As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that Plaintiff failed to exhaust all applicable administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel and Unclean Hands)

As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that Plaintiff is estopped from asserting his claims by virtue of his unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Good Faith/Justification and Legitimate Business Necessity)

As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that all decisions relating to Plaintiff's employment were undertaken in good faith and without malice, were a just and proper exercise of management discretion, and were based on legitimate, non-discriminatory and non-retaliatory reasons undertaken fairly and honestly with good faith under the circumstances then existing.

### SIXTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As an affirmative defense to Plaintiff's causes of action, Defendant avers that Plaintiff's claims and remedies are barred and/or limited by the doctrine of after-acquired evidence.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As an affirmative defense to Plaintiff's prayer for damages, Defendant avers that Plaintiff has failed to mitigate damages by exercising reasonable diligence to secure alternative employment.

### EIGHTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Claims)

As an affirmative defense to Plaintiff's prayer for damages, Defendant avers that Plaintiff has failed to state facts sufficient to support a claim for attorneys' fees.

### NINTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

As an affirmative defense to each of Plaintiff's claims, Defendant avers that its has engaged attorneys for representation in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees upon judgment in its favor.

### TENTH AFFIRMATIVE DEFENSE

### (Exclusivity of Workers' Compensation Remedy)

As an affirmative defense to each of Plaintiff's causes of action, and to the extent that it alleges emotional distress, Defendant avers that these claims are barred, in whole or in part, by the California Workers' Compensation Act, California Labor Code section 36000, *et seq.*, which provides the exclusive remedy for causes of action involving emotional distress and personal injuries arising out of employment.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

As an affirmative defense to Plaintiff's prayer for damages, Defendant avers that Plaintiff has failed to state facts sufficient to state a claim for punitive damages and any such claims for punitive damages are barred by Civil Code § 3294 and the California and United States Constitutions.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;
2. Plaintiff take nothing by this action;
3. The Court issue judgment in favor of Defendant; and

Defendant be awarded its costs of suit, including attorneys' fees, and such other relief as the Court may deem just and proper.

Dated: September 26, 2007

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

By: /s/ Natasha J. Baker
      Natasha J. Baker
Attorneys for Defendant
ST. FRANCIS HOTEL CORP., incorrectly named as WESTIN ST. FRANCIS HOTEL