JOHN F. BAUM (SBN 148366)
NATASHA J. BAKER (SBN 226981)
CURIALE DELLAVERSON HIRSCHFELD
 & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
ST. FRANCIS HOTEL CORP., incorrectly named
as WESTIN ST. FRANCIS HOTEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM HABTE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WESTIN ST. FRANCIS HOTEL,<br><br>　　　　Defendants. | Case No. C 07 4516 WDB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT**<br><br>Date:　　　　December 6, 2007<br>Time:　　　　4:00 p.m.<br>Courtroom:　4 |

　　　Pursuant to this Court's Order Setting Initial Case Management Conference and ADR Deadlines, Plaintiff Abraham Habte ("Plaintiff") and Defendant St. Francis Hotel Corporation, (incorrectly named as Westin St. Francis Hotel) ("Defendant") hereby submit the following Joint Case Management Statement and Rule 26(f) Report. The parties attempted to meet and confer via telephone on three occasions and in person on November 27, 2007.

**1.　　Jurisdiction & Service**

　　　Plaintiff's Statement:

　　　Plaintiff does not have statement regarding jurisdiction at this time. Plaintiff alleges that he served the Complaint via mail or hand delivery.

　　　Defendant's Statement:

　　　Plaintiff's form Title VII Complaint alleges jurisdiction under 42 U.S.C. Section 2000e-5. The Complaint was never properly served. However, in the interest of efficiency, Defendant

1  waived service and answered Plaintiff's Complaint on September 26, 2007.

2  **2.  Facts**

3  Plaintiff's Statement:

4  From January the Company they told us the laundry is going to be shut down. I have worked for the Westin St. Francis Hotel for 9 years. I was paying my due for 9 years to local 75, I didn't pay for local 2 my due. A week or so before the laundry department called me, with co workers, Manuel and Luis who work in the laundry department in the Human Resources office, the manager said that they were going to offer us a job, but it was not guaranteed.

9  So I decided not to take the offer. I wondering after laundry shut down they tell me the going give me training for transfer to another department, the company and union had two or three times meeting with some employees, the last meeting was march 31, 2007, but the laundry shut sown on April 17, 2007, before the shut down, we had meeting, with management (we were 3 person and the management).

14  Also I made the application was on September 2006, it was as utility maintenance engineering department, I have been interviewing by Ernie the manager department, after four or five months they hire another person, again my application it was denial. I was complained to Debbi Capuano, the human resources manager. Also I have been working with hostile environment, with Armida Ferrell she is manger department in the laundry.

19  Also I have been asking them for transfer for 9 years, I filled out the transfer more than 20 application, they never offer me a job, why now they offer me a job? I don't feel the company or the union 2 they do the right thing.

22  Defendant's Statement:

23  Plaintiff worked in the laundry department at Defendant Westin St. Francis Hotel, which is operated by the St. Francis Hotel Corporation. In April 2007, the laundry department was closed per the Hotel's agreement with the Union. As a result of the union-negotiated closure of the laundry department, Plaintiff was given the opportunity to apply to other positions in the Hotel but failed to do so. Thus, Plaintiff was considered to have voluntarily resigned on April 23, 2007, after having failed to submit a request to be transferred to another position in the Hotel. On

August 31, 2007, Plaintiff filed a form Title VII Complaint for discrimination.

3. **Legal Issues**

Plaintiff's Statement:

Plaintiff does not have a statement regarding the legal issues in this matter at this time.

Defendant's Statement:

- Whether Plaintiff's claims are barred by the statute of limitations;
- Whether Plaintiff can state a claim for discrimination based on race or color;
- Whether Plaintiff is alleging discrimination based on age or disability;
- Whether Plaintiff was terminated for reasons that would violate Title VII of the Civil Rights Act of 1964;
- Whether Defendant failed to promote Plaintiff for reasons that would constitute a violation of Title VII of the Civil Rights Act of 1964;
- Whether Plaintiff has attempted to mitigate his damages.

4. **Motions**

Plaintiff's Statement:

Plaintiff does not have a statement regarding anticipated motions in this matter at this time.

Defendant's Statement:

Defendant anticipates filing a Motion for Summary Judgment or Summary Adjudication, as appropriate. Defendant further anticipates filing pre-trial motions, including Motions *in Limine*, as appropriate.

5. **Amendments of Pleadings**

Plaintiff's Statement:

Plaintiff does not intend to amend his Complaint in this matter.

Defendant's Statement:

Defendant does not expect to add or dismiss any defenses at this time. Defendant proposes 10 days after the Initial Case Management Conference as the deadline for amending the pleadings.

6. **Evidence Preservation**

Plaintiff's Statement:

Plaintiff has kept all of his evidence with him.

Defendant's Statement:

In order to preserve evidence relevant to the issues reasonable evident to this action, Defendant has taken the following steps in order to ensure document preservation:

On October 29, 2007, Defendant sent a document retention memorandum via email to all employees who might be in possession of any records relevant to the subject matter of the dispute in order to ensure that these documents were preserved. These employees were reminded that relevant records include email and computer files. These employees were further reminded that the litigation hold trumped any normal document archiving/destruction policy or practice.

7. **Initial Disclosures**

Plaintiff's Statement:

Plaintiff does not have a statement regarding Initial Disclosures at this time.

Defendant's Statement:

Pursuant to this Court's Order Setting Initial Case Management Conference and ADR Deadlines, dated August 31, 2007, the Parties were required to meet and confer regarding initial disclosures no later than November 15, 2007. On November 13, 15 and 27, 2007, the Parties attempted to satisfy this requirement.

Pursuant to this Court's Order Setting Initial Case Management Conference and ADR Deadlines, dated August 31, 2007, the Parties were required to file their Rule 26(f) Report, complete initial disclosures or state their objections in the Rule 26(f) Report, no later than November 29, 2007. On November 29, 2007, Defendant filed the Joint Case Management statement and Rule 26(f) Report on behalf of both Parties. On this same date Defendant served its Rule 26 Initial Disclosures. Plaintiff has not served his Rule 26 Initial Disclosures.

8. **Discovery**

Plaintiff's Statement:

Plaintiff does not have a statement regarding discovery at this time.

4
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT
CASE NO.: C07-04516 WDB

Defendant's Statement:

Defendant anticipates conducting the following discovery regarding Plaintiff's claims:

(i)   Deposition of Plaintiff

(ii.)  Special Interrogatories to Plaintiff

(iii)  Requests for Production of Documents to Plaintiff

(iv)  Requests for Admissions to Plaintiff

Defendants propose the following discovery plan, pursuant to Fed. R. Civ. P. 26(f):

(i)   No changes in the timing, form or requirement for disclosures under Rule 26(a)

(ii)  No changes in the limitations imposed on discovery by the Federal Rules of Civil Procedure or by local rules at this time.

**9.   Class Actions**

This case is not a class action.

**10.  Related Cases**

There are no related cases.

**11.  Relief**

Plaintiff's Statement:

Plaintiff seeks lost wages from April 2007 to the present.

Defendant's Statement:

Defendant has not asserted a counterclaim for damages.

**12.  Settlement and ADR**

Plaintiff's Statement:

Plaintiff would like $25,000 or $50,000 to settle his claims against Defendant.

Defendant's Statement:

Defendant rejected Plaintiff's settlement demands of $25,000 and $50,000. The Parties are scheduled to conduct an ADR Phone Conference on December 4, 2007 at 2:30 p.m. Defendant requests an ENE or ENE/mediation hybrid.

13. **Consent to Magistrate Judge for All Purposes**

<u>Plaintiff's Statement</u>:

Plaintiff has not decided whether he consents to a magistrate judge at this time.

<u>Defendant's Statement</u>:

Defendant consents to a magistrate judge for all purposes.

14. **Other References**

None.

15. **Narrowing of Issues**

<u>Plaintiff's Statement</u>:

None.

<u>Defendant's Statement</u>:

It is unclear from Plaintiff's Complaint whether he is alleging discrimination on the basis of age and disability. The Parties have attempted to narrow the issues but have been unsuccessful to date.

16. **Expedited Schedule**

Not required.

17. **Scheduling**

<u>Plaintiff's Statement</u>:

None.

<u>Defendant's Statement</u>:

Defendant proposes the following deadlines:

Discovery Cutoff (including hearing of Discovery Motions): 90 days before trial.

Initial Designation of Experts: 120 days before trial

Rebuttal Designation of Experts: 105 days before trial

Last Day to Hear Dispositive Motions: 60 days before trial.

Pre-trial Conference: 15 days before trial.

Trial Date: September 2008, subject to this Court's availability.

18. **Trial**

   Plaintiff's Statement:

   None.

   Defendant's Statement:

   Defendant requests a bench trial. Plaintiff's Complaint declines a jury trial. Defendant anticipates a 1-2 day trial.

19. **Disclosure of Non-Party Interested Entities or Persons**

   Plaintiff's Statement:

   None.

   Defendant's Statement:

   Defendant is not required to file the Certification of Interested Entities or Persons.

20. **Other**

   Plaintiff's Statement:

   Plaintiff has no other statements at this time.

   Defendant's Statement:

   Defendant has no other statements at this time.

Dated: November 30, 2007

By: /s/ Abraham Habte
Abraham Habte
Plaintiff, In Pro Per

Dated: November 30, 2007

CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP

By: /s/ Natasha J. Baker
Natasha J. Baker
Attorneys for Defendant
ST. FRANCIS HOTEL CORP., incorrectly named as WESTIN ST. FRANCIS HOTEL