1  JOHN F. BAUM (SBN 148366)
   NATASHA J. BAKER (SBN 226981)
2  CURIALE DELLAVERSON HIRSCHFELD
      & KRAEMER, LLP
3  727 Sansome Street
   San Francisco, CA  94111
4  Telephone:  (415) 835-9000
   Facsimile:  (415) 834-0443
5
   Attorneys for Defendant
6  ST. FRANCIS HOTEL CORP., incorrectly named
   as WESTIN ST. FRANCIS HOTEL
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  ABRAHAM HABTE,                      Case No.  C 07 4516  WDB

12           Plaintiff,                 **JOINT CASE MANAGEMENT
                                        CONFERENCE STATEMENT AND RULE
13  vs.                                 26(f) REPORT**

14  WESTIN ST. FRANCIS HOTEL,           Date:        March 31, 2008
                                        Time:        1:30 p.m.
15           Defendants.                Courtroom:   4

16

17        Pursuant to this Court's February 5, 2008 Second Notice Rescheduling Further Case

18  Management Conference, Plaintiff Abraham Habte ("Plaintiff") and Defendant St. Francis Hotel

19  Corporation, (incorrectly named as Westin St. Francis Hotel) ("Defendant") hereby submit the

20  following Joint Case Management Statement.  The Parties ask this Court to note that they are

21  scheduled to attend a Mandatory Settlement Conference on March 27, 2008.   Accordingly, the

22  Parties have not conducted any discovery or taken other action in this matter since they were

23  referred to the Mandatory Settlement Conference at the December 6, 2007 Case Management

24  Conference.  Thus, this Joint Case Management Statement is the same as the one that was filed

25  for the December 6, 2007 Case Management Conference, except that the Settlement Section was

26  revised to reflect the referral to the Mandatory Settlement Conference.  Per this Court's Order, the

27  Parties will alert this Court regarding the outcome of the Mandatory Settlement Conference prior

28  to the Case Management Conference on March 31, 2008.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **1.    Jurisdiction & Service**

2        Plaintiff's Statement:

3        Plaintiff does not have statement regarding jurisdiction at this time.  Plaintiff alleges that

4    he served the Complaint via mail or hand delivery.

5        Defendant's Statement:

6        Plaintiff's form Title VII Complaint alleges jurisdiction under 42 U.S.C. Section 2000e-5.

7    The Complaint was never properly served.  However, in the interest of efficiency, Defendant

8    waived service and answered Plaintiff's Complaint on September 26, 2007.

9    **2.    Facts**

10        Plaintiff's Statement:

11        From January the Company they told us the laundry is going to be shut down.  I have

12    worked for the Westin St. Francis Hotel for 9 years.  I was paying my due for 9 years to local 75,

13    I didn't pay for local 2 my due.  A week or so before the laundry department called me, with co

14    workers, Manuel and Luis who work in the laundry department in the Human Resources office,

15    the manager said that they were going to offer us a job, but it was not guaranteed.

16        So I decided not to take the offer.  I wondering after laundry shut down they tell me the

17    going give me training for transfer to another department, the company and union had two or

18    three times meeting with some employees, the last meeting was march 31, 2007, but the laundry

19    shut sown on April 17, 2007, before the shut down, we had meeting, with management (we were

20    3 person and the management).

21        Also I made the application was on September 2006, it was as utility maintenance

22    engineering department, I have been interviewing by Ernie the manager department, after four or

23    five months they hire another person, again my application it was denial.  I was complained to

24    Debbi Capuano, the human resources manager.  Also I have been working with hostile

25    environment, with Armida Ferrell she is manger department in the laundry.

26        Also I have been asking them for transfer for 9 years, I filled out the transfer more than 20

27    application, they never offer me a job, why now they offer me a job?  I don't feel the company or

28    the union 2 they do the right thing.

2

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1      Defendant's Statement:

2      Plaintiff worked in the laundry department at Defendant Westin St. Francis Hotel, which

3  is operated by the St. Francis Hotel Corporation.  In April 2007, the laundry department was

4  closed per the Hotel's agreement with the Union.  As a result of the union-negotiated closure of

5  the laundry department, Plaintiff was given the opportunity to apply to other positions in the

6  Hotel but failed to do so.  Thus, Plaintiff was considered to have voluntarily resigned on April 23,

7  2007, after having failed to submit a request to be transferred to another position in the Hotel.  On

8  August 31, 2007, Plaintiff filed a form Title VII Complaint for discrimination.

9  **3.**    **Legal Issues**

10      Plaintiff's Statement:

11      Plaintiff does not have a statement regarding the legal issues in this matter at this time.

12      Defendant's Statement:

13  •   Whether Plaintiff's claims are barred by the statute of limitations;

14  •   Whether Plaintiff can state a claim for discrimination based on race or color;

15  •   Whether Plaintiff is alleging discrimination based on age or disability;

16  •   Whether Plaintiff was terminated for reasons that would violate Title VII of the Civil

17      Rights Act of 1964;

18  •   Whether Defendant failed to promote Plaintiff for reasons that would constitute a

19      violation of Title VII of the Civil Rights Act of 1964;

20  •   Whether Plaintiff has attempted to mitigate his damages.

21  **4.**    **Motions**

22      Plaintiff's Statement:

23      Plaintiff does not have a statement regarding anticipated motions in this matter at this

24  time.

25      Defendant's Statement:

26      Defendant anticipates filing a Motion for Summary Judgment or Summary Adjudication,

27  as appropriate.  Defendant further anticipates filing pre-trial motions, including Motions *in limine*,

28  as appropriate.

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT
CASE NO.:  C07-04516 WDB

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **5.    Amendments of Pleadings**

2         Plaintiff's Statement:

3         Plaintiff does not intend to amend his Complaint in this matter.

4         Defendant's Statement:

5         Defendant does not expect to add or dismiss any defenses at this time.  Defendant

6    proposes 10 days after the Initial Case Management Conference as the deadline for amending the

7    pleadings.

8    **6.    Evidence Preservation**

9         Plaintiff's Statement:

10        Plaintiff has kept all of his evidence with him.

11        Defendant's Statement:

12        In order to preserve evidence relevant to the issues reasonable evident to this action,

13   Defendant has taken the following steps in order to ensure document preservation:

14        On October 29, 2007, Defendant sent a document retention memorandum via email to all

15   employees who might be in possession of any records relevant to the subject matter of the dispute

16   in order to ensure that these documents were preserved.  These employees were reminded that

17   relevant records include email and computer files.  These employees were further reminded that

18   the litigation hold trumped any normal document archiving/destruction policy or practice.

19   **7.    Initial Disclosures**

20        Plaintiff's Statement:

21        Plaintiff does not have a statement regarding Initial Disclosures at this time.

22        Defendant's Statement:

23        Pursuant to this Court's Order Setting Initial Case Management Conference and ADR

24   Deadlines, dated August 31, 2007, the Parties were required to meet and confer regarding initial

25   disclosures no later than November 15, 2007.  On November 13, 15 and 27, 2007, the Parties

26   attempted to satisfy this requirement.

27        Pursuant to this Court's Order Setting Initial Case Management Conference and ADR

28   Deadlines, dated August 31, 2007, the Parties were required to file their Rule 26(f) Report,

4

1    complete initial disclosures or state their objections in the Rule 26(f) Report, no later than

2    November 29, 2007.  On November 29, 2007, Defendant filed the Joint Case Management

3    statement and Rule 26(f) Report on behalf of both Parties.  On this same date Defendant served

4    its Rule 26 Initial Disclosures.  To date, Plaintiff has not served his Rule 26 Initial Disclosures.

5    **8.**    **Discovery**

6         Plaintiff's Statement:

7         Plaintiff does not have a statement regarding discovery at this time.

8         Defendant's Statement:

9         Defendant anticipates conducting the following discovery regarding Plaintiff's claims:

10        (i)    Deposition of Plaintiff

11        (ii.)   Special Interrogatories to Plaintiff

12        (iii)   Requests for Production of Documents to Plaintiff

13        (iv)   Requests for Admissions to Plaintiff

14        Defendants propose the following discovery plan, pursuant to Fed. R. Civ. P. 26(f):

15        (i)    No changes in the timing, form or requirement for disclosures under Rule 26(a)

16        (ii)   No changes in the limitations imposed on discovery by the Federal Rules of Civil

17               Procedure or by local rules at this time.

18   **9.**    **Class Actions**

19        This case is not a class action.

20   **10.**   **Related Cases**

21        There are no related cases.

22   **11.**   **Relief**

23        Plaintiff's Statement:

24        Plaintiff seeks lost wages from April 2007 to the present.

25        Defendant's Statement:

26        Defendant has not asserted a counterclaim for damages.

27   ///

28   ///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT
CASE NO.:  C07-04516 WDB

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **12.    Settlement and ADR**

2      Plaintiff's Statement:

3      Plaintiff would like $25,000 or $50,000 to settle his claims against Defendant.

4      Defendant's Statement:

5      Defendant rejected Plaintiff's settlement demands of $25,000 and $50,000. The Parties are

6  scheduled to attend a Mandatory Settlement Conference on March 27, 2008.   The Parties have

7  been unable to informally resolve this matter since they were referred to the Mandatory

8  Settlement Conference at the December 6, 2007 Case Management Conference.

9  **13.    Consent to Magistrate Judge for All Purposes**

10     Plaintiff's Statement:

11     Plaintiff has not decided whether he consents to a magistrate judge at this time.

12     Defendant's Statement:

13     Defendant consents to a magistrate judge for all purposes.

14 **14.    Other References**

15     None.

16 **15.    Narrowing of Issues**

17     Plaintiff's Statement:

18     None.

19     Defendant's Statement:

20     It is unclear from Plaintiff's Complaint whether he is alleging discrimination on the basis

21 of age and disability.  The Parties have attempted to narrow the issues but have been unsuccessful

22 to date.

23 **16.    Expedited Schedule**

24     Not required.

25 **17.    Scheduling**

26     Plaintiff's Statement:

27     None.

28 ///

6

1    Defendant's Statement:

2    Defendant proposes the following deadlines:

3    Discovery Cutoff (including hearing of Discovery Motions): 90 days before trial.

4    Initial Designation of Experts: 120 days before trial

5    Rebuttal Designation of Experts: 105 days before trial

6    Last Day to Hear Dispositive Motions: 60 days before trial.

7    Pre-trial Conference: 15 days before trial.

8    Trial Date: September 2008, subject to this Court's availability.

9    **18.    Trial**

10    Plaintiff's Statement:

11    None.

12    Defendant's Statement:

13    Defendant requests a bench trial. Plaintiff's Complaint declines a jury trial. Defendant

14    anticipates a 1-2 day trial.

15    **19.    Disclosure of Non-Party Interested Entities or Persons**

16    Plaintiff's Statement:

17    None.

18    Defendant's Statement:

19    Defendant is not required to file the Certification of Interested Entities or Persons.

20    **20.    Other**

21    Plaintiff's Statement:

22    Plaintiff has no other statements at this time.

23    Defendant's Statement:

24    Defendant has no other statements at this time.

25    ///

26    ///

27    ///

28    ///

7

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT
CASE NO.: C07-04516 WDB

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Dated:  March 24, 2008

2

3                                    By:  /s/ Abraham Habte
                                              Abraham Habte
4                                    Plaintiff, In Pro Per

5    Dated:  March 24, 2008                CURIALE DELLAVERSON HIRSCHFELD
                                                 & KRAEMER, LLP
6

7                                    By:  /s/ Natasha J. Baker
                                              Natasha J. Baker
8                                    Attorneys for Defendant
                                     ST. FRANCIS HOTEL CORP., incorrectly
9                                    named as WESTIN ST. FRANCIS HOTEL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT
CASE NO.:  C07-04516 WDB

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO